653 S.E.2d 267

**In the Matter of Carroll Ansell GANTT, Respondent.**

No. 26389.

Supreme Court of South Carolina.

Submitted Sept. 28, 2007.

Decided Nov. 5, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka .M. Williams, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

J. Leeds Barroll, IV, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction ranging from a public reprimand to a definite suspension not to exceed six (6) months. We accept the agreement and definitely suspend respondent from the practice of law in this state for six (6) months. The facts, as set forth in the agreement, are as follows.

### FACTS [1]

#### Matter I

Respondent prepared a contract of sale for the purchase of an unimproved lot. The deed was prepared for a total consideration of $90,000.00. At some point after the sale and prior to recording, respondent changed the consideration stated on the deed to reflect a sales price of $10,000. The deed was then recorded with the incorrect amount to assist respondent's clients with a reduced recording fee.

#### Matter II

A Construction Company which was solely owned by one individual entered into a contract of sale to purchase three (3) lots in the I–77 Business Park. An informal agreement between the owner of the Construction Company and four other individuals provided that the Construction Company would acquire a specified lot, Party 2 would acquire a specified lot, and the remaining three individuals (Party 3) would acquire the third specified lot. Since the contract of sale reflected

---

1. The agreement provides that respondent has been forthright and cooperative with the investigation of these matters.

that the Construction Company alone was purchasing all three lots, the bank required written acknowledgment of Party 3's right to the specified lot before it would finance that portion of the purchase.

Respondent prepared a document entitled "Assignment" in which the Construction Company purported to transfer and assign the specified lot to Party 3. Respondent signed the Construction Company owner's name to the document as a true signature, witnessed the signature, and then forwarded the document to the bank. Respondent represents that he was furthering his client's objectives and that his client gave him the authority to prepare and submit the document to the bank. Respondent represents that Party 3 obtained financing based on Party 3's individual credit and the document forwarded to the bank was only used to confirm the Construction Company owner's intent to sell the specified lot to Party 3.

Respondent also prepared a document entitled "Assignment" in which the Construction Company purported to transfer and assign the specified lot to Party 2. Respondent signed the Construction Company owner's name to the document and then witnessed the signature. Respondent also signed his secretary's name as a witness to the signature although she did not witness the signing of the document. Respondent states that this second document was never presented to the Bank or any other agency or institution.

### Matter III

On October 18, 2004, respondent signed a document entitled "Name Affidavit" on behalf of his clients, Husband and Wife. Lawyer signed both Husband's and Wife's names on the affidavit and submitted it to a mortgage company. Respondent also notarized the false signatures. The purpose of the document was for Husband and Wife to acknowledge a typographical error in the spelling of their last name prior to the disbursement of any funds by the mortgage company.

### LAW

■ Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.1 (in course of represent-

ing a client, lawyer shall not knowingly make false statement of material fact to a third person); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). In addition, respondent admits his misconduct constitutes grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for six (6) months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

MOORE, A.C.J., WALLER, PLEICONES and BEATTY, JJ., concur. TOAL, C.J., not participating.